# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, COUNTY OF SOLANO, FAIRFIELD POLICE DEPARTMENT, MICHAEL ARIMBOANGA, DAVID GRANT MEDICAL CENTER,<br><br>　　　　Defendants. | No. 2:21-cv-0414 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Orlonzo Hedrington is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss and for summary judgment. (ECF No. 25.)

Having considered the parties' briefing, and for the reasons stated below, the undersigned recommends that the motion for summary judgment filed by defendants United States of America and David Grant Medical Center be granted and this matter be remanded to the Solano County Superior Court.

////

////

1

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on January 13, 2020, by filing a complaint in the Solano County Superior Court. (ECF No. 1-2 at 4.[1]) Plaintiff is proceeding on an amended complaint filed on September 18, 2020. (ECF No. 1-1 at 2.) Therein, plaintiff alleges that on January 22, 2016, plaintiff was "given an unauthorized shot by a guy" at the David Grant Medical Center. (Am. Compl. (ECF No. 1-1) at 3.) The injection caused plaintiff "to pass out." (Id.) When plaintiff awoke, "he went to the bathroom and noticed a lot of semen when he whipped (sic) his buttocks." (Id.) "The police were called" but "failed to thoroughly investigate," telling plaintiff "that the guy was black in which he was white." (Id.) Plaintiff alleges that the defendants' actions were "negligent and careless[.]" (Id.)

On March 8, 2021, defendant United States of America removed the action to this court pursuant to 28 U.S.C. § 2679 "because the federal employees named in the First Amended Complaint were acting within the course and scope of their federal employment at all times relevant[.]" (ECF No. 1 at 2.) On March 15, 2021, defendants United States of America and David Grant Medical Center filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules"). (ECF No. 5.)

On March 29, 2021, defendants City of Fairfield and Michael Arimboanga filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) On March 30, 2021, defendant County of Solano filed a motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 15.) On April 14, 2021, plaintiff filed an opposition to the motion for summary judgment. (ECF No. 16.) And on April 20, 2021, plaintiff filed oppositions to the motions to dismiss. (ECF Nos. 19-21.) Defendants filed replies on April 23, 2021. (ECF Nos. 22-24.) On April 26, 2021, defendants' motions were taken under submission. (ECF No. 25.)

////

////

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

# STANDARDS

## I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

## II. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**III.   Legal Standards Applicable to Motions for Summary Judgment Pursuant to Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support

1  the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see
2  also Fed. R. Civ. P. 56(c)(1)(B).

3        Indeed, summary judgment should be entered, after adequate time for discovery and upon
4  motion, against a party who fails to make a showing sufficient to establish the existence of an
5  element essential to that party's case, and on which that party will bear the burden of proof at
6  trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential
7  element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In
8  such a circumstance, summary judgment should be granted, "so long as whatever is before the
9  district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id.
10 at 323.

11       If the moving party meets its initial responsibility, the burden then shifts to the opposing
12 party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
13 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
14 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
15 of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
16 admissible discovery material, in support of its contention that the dispute exists. See Fed. R.
17 Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
18 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
19 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
20 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
21 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
22 party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

23       In the endeavor to establish the existence of a factual dispute, the opposing party need not
24 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
25 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
26 trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
27 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
28 Matsushita, 475 U.S. at 587 (citations omitted). "In short, what is required to defeat summary

judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Reza v. Pearce, 806 F.3d 497, 505 (9th Cir. 2015)).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## ANALYSIS

### I. Defendants' Motion for Summary Judgment

The motion for summary judgment filed by defendants United States of America and David Grant Medical Center ("DGMC") asserts that the court lacks jurisdiction over DGMC and that plaintiff's claim against the United States of America is time-barred. (Defs.' MSJ (ECF No. 5-1) at 3-4.) Defendants' argument is well-taken.

In this regard, an action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action"). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

"A claimant must present a tort claim against the United States in writing to the appropriate Federal agency within two years after injury." Krueger v. Saiki, 19 F.3d 1285, 1286

(8th Cir. 1994) (citing 28 U.S.C. § 2401(b)); see also Hensley v. U.S., 531 F.3d 1052, 1056 (9th Cir. 2008) ("the statute provides that a tort claim 'shall be forever barred' unless it is presented 'within two years after such claim accrues'"). "When the appropriate federal agency denies an administrative FTCA claim, the claimant has six months, from the date when the denial was mailed by certified or registered mail, to file a complaint in federal court." Adams v. U.S., 658 F.3d 928, 933 (9th Cir. 2011) (citing 28 U.S.C. § 2401(b)).

Here, defendants' evidence establishes the following. On August 28, 2017, plaintiff presented an administrative FTCA claim pursuant to the allegations in this action to the Department of Veterans Affairs. (Lemieux Decl. (ECF No. 5-3) at 2; Ex. 1 (ECF No. 5-4) at 2.) On February 27, 2018, the Air Force denied plaintiff's administrative claim in a letter sent via certified mail. (Lemieux Decl. (ECF No. 5-3) at 2; Ex. 2 (ECF No. 5-5) at 2-3.) The February 27, 2018 letter informed plaintiff that "he may file suit in an appropriate United States District Court not later than six months after the date of mailing of" the letter. (Ex. 2 (ECF No. 5-5) at 2.) This action was not filed until March 8, 2021—years after the expiration of the six-month deadline.

Moreover, in opposing defendants' motion for summary judgment plaintiff does not dispute any of these facts. Instead, plaintiff simply re-alleges the allegations found in the amended complaint. (Pl.'s Opp.'n (ECF No. 16) at 7.) In this regard, there appears to be no dispute that plaintiff's claim for the negligent or wrongful conduct of a government employee must be brought against the United States, and not DGMC, and that plaintiff's claim against the United States is time-barred.

It is true that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." U.S. v. Wong, 575 U.S. 402, 420 (2015). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisconsin v. U.S., 577 U.S. 250, 255 (2016) (quotation omitted); see also Neil through Cyprian v. Park, 833 Fed. Appx. 689, 690 (9th Cir. 2021) ("In California, equitable tolling applies when a plaintiff can show 'three elements: timely notice to

7

the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff.'"). Here, plaintiff has failed to present any facts or argument that would satisfy the requirements for equitable tolling.[2]

Accordingly, the undersigned finds that defendants' motion for summary judgment should be granted. See Miller v. Department of Veterans Affairs, No. 2:17-cv-0759 KJM DMC, 2019 WL 5682827, at *2 (E.D. Cal. Nov. 1, 2019).

## II. Supplemental Jurisdiction

If these findings and recommendations are adopted only plaintiff's state law claims against state law defendants will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010

---

[2] Moreover, on March 16, 2021, this action was related to an earlier filed action, Orlonzo Hedrington v. United States of America, No. 2:18-cv-0233 KJM DB. (ECF No. 7.) The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases). Review of the docket in earlier filed action finds that the action appears to involve the same allegations at issue here.

8

WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the amended complaint's state law claims.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The March 15, 2021 motion for summary judgment filed by defendant David Grant Medical Center and Defendant United States of America (ECF No. 5) be granted;

2. Defendant David Grant Medical Center be dismissed without prejudice due to a lack of jurisdiction;

3. Judgment be entered as to defendant United States of America;

3. The court decline to exercise supplemental jurisdiction over the amended complaint's state law causes of action; and

4. This action be remanded to the Solano County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 13, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hedrington0414.msj.f&rs